UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN ELLICOTT,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN CAPITAL ENERGY, INC.,<br>THOMAS HUNTON and ARTHUR<br>HENNESSEY,<br>    Defendants. | Civil Action No. 14-CV-12152 |

### PLAINTIFF'S OPPOSITION TO AMERICAN CAPITAL ENERGY, INC.'S EMERGENCY MOTION TO QUASH DEPOSITION

Defendant American Capital Energy, Inc.'s ("ACE") motion is surprising, misguided and counterproductive. Plaintiff is not attempting to rush discovery or impact counsel for ACE's schedule. Indeed, since coming into the case less than two (2) weeks ago, Plaintiff's counsel has taken the lead in attempting to complete discovery in a fair, cooperative and orderly manner.

On Wednesday, April 22, 2015, at Plaintiff's new counsel's request, the parties conducted a discovery conference. During that conference, the parties discussed Plaintiff's intent to rely on expert testimony and to proceed with depositions. Defendants agreed to submit a joint motion to extend fact discovery to June 30, 2015, and asked Plaintiff's counsel forward a draft motion that day. Plaintiff immediately complied. Plaintiff received no feedback on the draft motion for two (2) days.

On Friday, April 24, 2015, Defendants advised Plaintiff for the first time that they had withdrawn their assent to the joint motion on the basis that Plaintiff intended to rely on expert testimony. In response, Plaintiff was forced to immediately do two things: 1) Plaintiff filed his own motion to extend the discovery deadline, and 2) served via email and first class mail deposition notices of the three (3) Defendants to take place prior to the close of discovery.[1]

---

[1] Despite ACE's misrepresentations, all three (3) notices were served on Friday.

Had Defendants advised Plaintiff during the discovery conference that they did not agree to extend discovery, Plaintiff would not have gone to the trouble of drafting a joint motion for Defendants' review. Plaintiff would have also filed his own motion and noticed Defendants' depositions on Wednesday rather than Friday. This context, which Defendants omitted from their "emergency motion," is important. Defendants' surprising "about-face" two days after the discovery conference makes Plaintiff's deposition notices appear more onerous than they are.

### Argument

As is clear from Defendants' "limited" opposition to Plaintiff's motion to extend the discovery deadline, <u>Defendants also require a discovery extension</u>. Defendants have taken no depositions, and have indicated that they cannot do so until June. Defendants object to what they believe to be the *scope* of discovery going forward. The scope is uncertain, and based on information to be obtained from the parties' respective depositions. Only if material evidence remains disputed after the parties' depositions will any other depositions potentially be necessary. Plaintiff has repeatedly assured Defendants that they retain their rights to object at any time to any discovery that they believe to be improper. But that any such unknown, speculative objections should not be grounds for delaying judicial determination of the extension request.

With regard to the depositions scheduled this week, <u>nobody</u> wants to proceed under these conditions. Plaintiff has made that clear to Defendants. Defendants, however, left Plaintiff with no choice. Having reneged on their agreement to file a joint motion, Plaintiff had to act to protect his interests. And, given the current deadline, Plaintiff could not agree to postpone those depositions until the Court ruled on the discovery extension. Again, it is not Plaintiff's desire or intent to unduly burden Defendants' counsel or interfere with family commitments. To the contrary, Plaintiff has repeatedly urged Defendants to be reasonable and cooperative in discovery matters, particularly in the present circumstances where Plaintiff has new counsel and both sides need a short extention of

time to complete discovery.

ACE dedicates significant space in its motion (as well as in its limited opposition to the discovery extension) recounting the prior history of this case. Counsel for Plaintiff cannot possibly respond to ACE's allegations, nor would it be productive to do so. Plaintiff's counsel is committed to moving this case forward expeditiously. All Plaintiff asks is that he be allowed to do so on an even playing field.

## Conclusion

Extensive motion practice, especially where both sides agree that a short discovery extension is necessary, is a waste of judicial resources. Plaintiff respectfully requests that his motion to extend fact discovery to June 30, 2015 be allowed and that any objections Defendants have to the conduct of future discovery be raised at the May 6th status conference or be presented by proper motion.

April 27, 2015                                            Respectfully submitted,

                                                          STEPHEN ELLICOTT,

                                                          By his attorney,

                                                          /s/ Anthony L. DeProspo, Jr.
                                                          Christopher A. Kenney (BBO# 556511)
                                                          (cakenney@KandSlegal.com)
                                                          Anthony L. DeProspo, Jr. (BBO# 644668)
                                                          (aldeprospo@kandslegal.com)
                                                          KENNEY & SAMS, P.C.
                                                          225 Turnpike Road
                                                          Southborough, Massachusetts 01772
                                                          Tel.: (508) 490-8500
                                                          Fax: (508) 490-8501

**CERTIFICATE OF SERVICE**

  I hereby certify that the attached document was filed through the ECF system and was served electronically to the registered attorneys of record on April 27, 2015.

              /s/ Anthony L. DeProspo, Jr.
              Anthony L. DeProspo, Jr.