UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN CAPITAL ENERGY, INC.,<br>THOMAS HUNTON, and<br>ARTHUR HENNESSEY,<br><br>　　　　Defendants. | Civil Action No.  14-12152 |

## THOMAS HUNTON AND ARTHUR HENNESSEY'S RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH DEPOSITIONS

Thomas Hunton ("Hunton") and Arthur Hennessey (Hennessey) (collectively "Defendants") herein respond in support of American Capital Energy, Inc. ("ACE's") motion to quash the April 30 and May 1 depositions recently noticed by Plaintiff.  The Defendants agree with ACE that such depositions lack reasonable notice, given that they were emailed at the close of business on Friday with the hard copies allegedly still in mail circulation on their way to Defendants.  Further, Defendants state as follows:

1. Their Counsel, Robert Dowd, is currently in Texas an unable to travel to Boston for depositions on April 30 or May 1.

2. Defendants cannot reasonably prepare for their depositions on such short notice given the volume of relevant documents involved in this matter.

3. Plaintiff has yet to agree to appear at his previously noticed deposition, making Defendants' required attendance on April 30 and May 1 unreasonable and in contravention of prior agreement to conduct Plaintiff's deposition first.

4. Defendants believe that Plaintiff has attempted to notice these last minute depositions as a litigation tactic to exchange for Defendants' consent to enlarge the scope of remaining discovery, despite plaintiff's repeated delays throughout this case.

5. Thereafter, the parties appeared before the Court on March 4, 2015, with Plaintiff's counsel representing his intent to withdraw and for new counsel to enter an appearance in the next week or two.

6. During the parties' April 22, 2015 phone conference, Plaintiff's sought and obtained in principal Defendants consent to extend the deposition deadlines because Plaintiff has not agreed to a date to appear at his noticed deposition, despite many request that he do so.

7. After such discussion, however, Plaintiff's counsel then changed course and disclosed an intention of turning this litigation into a dispute involving expert and requiring further depositions and subpoenas.

8. Defendants agree with ACE that, under such circumstances, they cannot consent to an unconditional expansion of discovery, as Defendants and ACE has undertaken the vast majority of effort and expense throughout the discovery process and such last minute proposal to further expand discovery will unnecessarily increase the costs of this litigation.

Accordingly, Defendants respond in support of ACE's Motion to Quash and ACE's Limited Opposition to Plaintiff's Motion to Extend.

>Respectfully submitted,
>Thomas Hunton and Arthur Hennessey,
>By their attorney,
>
>  /s/*Robert K. Dowd*_____
>Robert K. Dowd (BBO#132800)
>3141 Hood Street, Suite 650
>Dallas, TX, 75219
>robtdowd@sbcglobal.net

### CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the above-pleading were served by CM/ECF upon individuals who filed notices of appearance in the Court's CM/ECF database in the above-captioned proceeding on April 27, 2015.

  /s/*Robert K. Dowd*_____
Robert K. Dowd (BBO#132800)