UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN CAPITAL ENERGY, INC.,<br>THOMAS HUNTON and ARTHUR<br>HENNESSEY,<br><br>    Defendants. | Civil Action No. 14-CV-12152 |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT AMERICAN CAPITAL ENERGY, INC. TO RESPOND TO REQUESTS FOR ADMISSION AND INTERROGATORIES

Plaintiff Stephen Ellicott respectfully requests that the Court order Defendant American Capital Energy, Inc. ("ACE") to respond to Plaintiff's pending requests for admissions and interrogatories. Plaintiff served the discovery shortly after the Court granted Plaintiff's new counsel's motion to extend the discovery deadline to June 30, 2015. ACE refuses to substantively respond. This motion follows.

### Background

On April 29, 2015, the parties appeared in Court on Plaintiff's motion to extend discovery to June 30, 2015. Defendants did not oppose the motion, but rather, sought to limit the discovery Plaintiff would be allowed to seek. For example, Defendants sought to limit the number of depositions Plaintiff could take and to preclude Plaintiff from presenting expert testimony at trial. The Court allowed Plaintiff's motion without any discovery limitations other than that the Court expected the parties to "act reasonably" going forward.

Plaintiff's counsel, who had just recently entered an appearance in this case, endeavored to keep discovery (and its attendant costs) to a minimum. On April 30th, Plaintiff advised Defendants

that he intended to serve requests for admission and interrogatories to narrow issues in dispute and "to try to eliminate individuals from having to be deposed. ... We would like nothing more than to keep the number of depositions to an absolute minimum." (Tab A). Other than document requests, Plaintiff had previously served Defendants with just eight (8) interrogatories.

### Discovery Requests

On May 4th, Plaintiff served Defendants with requests for admission and interrogatories. The discovery requests raise no new issues. They are narrowly tailored to: a) eliminate the number of depositions to be taken, and b) narrow significantly the issues to be tried. On May 5th, Plaintiff invited ACE to serve its own requests for admission or interrogatories as it deemed appropriate. (Tab B). On May 20th, ACE advised Plaintiff that it refused to respond substantively to Plaintiff's discovery requests. Plaintiff implored ACE to reconsider its position and hoped that it would do so. (Tab C).

On June 3rd, the date ACE's responses were due to Plaintiff, ACE served written objections to Plaintiff's requests for admission and interrogatories. In so doing, ACE refused to substantively respond to any of the requests. On June 4th, Plaintiff suggested that the parties submit a joint non-adversarial request to the Court to clarify the scope of the Court's discovery order. (Tab D). ACE refused. On June 5th, the parties conferred. The matter could not be resolved, thereby necessitating motion practice.

### Argument

The Court did not place restrictions on Plaintiff's conduct of discovery, only that the parties act reasonably. Plaintiff has done so. Although Defendants identified in their initial disclosures and prior interrogatory responses numerous individuals with knowledge of the facts of this case, to date, Plaintiff has noticed only the depositions of the parties. Plaintiff has served one document subpoena on ACE's auditors (identified in a key document in the case). Nothing more.

Plaintiff served the requests for admission and interrogatories, not to harass or overburden Defendants, but to eliminate persons from having to be deposed and to pare down the numerous disputed issues of fact prior to trial. Plaintiff's discovery requests are narrowly tailored to achieve these goals. They raise no new issues. ACE's contention that Plaintiff waited to file this motion is misleading. Plaintiff could not possibly know that ACE would refuse to respond until Plaintiff received ACE's written responses.

This is not a one-way street. Plaintiff encouraged Defendants to serve similar discovery if appropriate. Defendants have chosen not to take advantage of the time the Court has given them to do so. ACE's refusal to respond to Plaintiff's discovery will increase litigation costs and likely necessitate additional depositions and a longer trial. ACE's position is inconsistent with its prior position that depositions, etc. should be kept to a minimum. Plaintiff's motion should be allowed.

WHEREFORE, Plaintiff Stephen Ellicott respectfully requests that the Court grant his motion and order Defendant American Capital Energy, Inc. to respond to Plaintiff's requests for admissions and interrogatories prior to the first Defendant deposition scheduled for June 9th.

June 8, 2015

Respectfully submitted,

STEPHEN ELLICOTT,

By his attorneys,

/s/ Anthony L. DeProspo, Jr.
Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501

### Certification of Compliance with Local Rule 7.1(A)(2)

I, Anthony L. DeProspo, Jr., counsel for Plaintiff, certify that I conferred with opposing counsel on June 5, 2015 in an effort to narrow or resolve the issue that is the subject of this Motion, and that opposing counsel would not agree to the relief sought.

/s/ Anthony L. DeProspo, Jr.                                June 8, 2015
Anthony L. DeProspo, Jr.

### Certification of Compliance with Local Rule 37.1

I, Anthony L. DeProspo, Jr., counsel for Plaintiff, certify that I conferred with opposing counsel on June 5, 2015 in an effort to narrow or resolve the issue that is the subject of this Motion, and that opposing counsel would not agree to the relief sought.

/s/ Anthony L. DeProspo, Jr.                                June 8, 2015
Anthony L. DeProspo, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that the attached document was filed through the ECF system and was served electronically to the registered attorneys of record on June 8, 2015.

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.

# **EXHIBIT A**

# Kenney & Sams, P.C.



TRIAL LAWYERS AND COUNSELLORS AT LAW

**BOSTON**
Old City Hall
45 School Street
Boston, MA 02108
Tel. 617.722.6045
Fax. 617.722.6046

WWW.KANDSLEGAL.COM

**METROWEST**
Southborough Executive Park
225 Turnpike Road
Southborough, MA 01772
Tel. 508.490.8500
Fax. 508.490.8501

Please reply to our MetroWest Office

Anthony L. DeProspo, Jr., Esq.
aldeprospo@KandSlegal.com

April 30, 2015

**VIA E-MAIL & REGULAR MAIL**
Michael K. Lane, Esq.
McAuliffe & Associates, P.C.
430 Lexington Street
Newton, MA 02466
mlane@jm-law.net

Robert K. Dowd, Esq.
Robert K. Dowd, P.C.
3141 Hood Street, Ste. #650
Dallas, TX 75219
robtdowd@sbcglobal.net

Re: **Ellicott v. American Capital Energy, Inc., et al.**
     **U.S.D.C. Civil Action No. 14-CV-12152**

Dear Mike and Bob,

It was nice meeting you Mike, and we are glad Bob that you were able to participate in yesterday's status conference by telephone. I write to give you an update on the status of discovery and outline steps going forward.

Given Mike's availability during the last week of May, we had hoped that Mr. Ellicott's deposition would take place some time between May 26th and 29th. In light of Bob's unavailability until June, we went back to our client and requested additional dates. Plaintiff is available to be deposed on June 4th, 8th or 9th. Please let us know as soon as possible which date works best for you and we will book it as a firm date.

I enclose deposition notices of Defendants to take place thereafter. We are, of course, willing to amend the noticed dates at the convenience of you and your clients. We also assume that Messrs. Hunton and Hennessey may be ACE's Rule 30(b)(6) designees. Given the tight discovery deadline, however, we request that Defendants' depositions be completed by no later than June 16th. Let us know what day(s) between June 10th and 16th work best for you.

With regard to paper discovery, we have reviewed American Capital Energy, Inc.'s ("ACE") responses to Plaintiff's discovery requests. ACE has objected to producing documents responsive to Plaintiff's First Document Request Nos. 10, 15 and 16. We do not know whether ACE has subsequently withdrawn those objections and/or produced responsive documents. Please let us know. We believe that the Requests are appropriate. If ACE's objections stand, we

Michael K. Lane, Esq.
Robert K. Dowd, Esq.
April 30, 2015
Page 2 of 3

Kenney & Sams, P.C.

would like to discuss the objections with you pursuant to Local Rule 37.1 and hopefully avoid the need for motion practice.

On December 19, 2014, Plaintiff's prior counsel served ACE with Plaintiff's Second Set of Document Requests. We cannot locate ACE's written response nor do we know whether ACE produced any documents in response. This could be a simple matter of something getting lost in the transition of the file. Please let us know if ACE responded to these Requests and, if so, where we can locate the original written response and the documents ACE produced, if any.

If there are any discovery requests that Plaintiff has failed to comply with, please let us know and we will address the issues immediately.

We want to give you advance notice that Plaintiff will likely be serving additional interrogatories and requests for admission within the next week. (Plaintiff previously served only eight (8) interrogatories.) We do so not to overburden Defendants with unnecessary discovery, but rather, to try to eliminate individuals from having to be deposed. As you can appreciate, we need to cover all our bases. We would like nothing more than to keep the number of depositions to an absolute minimum. We hope this additional written discovery can achieve that goal.

Please get back to us at your earliest convenience.

Very truly yours,

Anthony L. DeProspo, Jr.

Enclosures
cc:   Christopher A. Kenney, Esq.  (w/o encs.)
      Robert V. DeLanders, Esq. (w/o encs.)

# **EXHIBIT B**

## Anthony L. DeProspo

| | |
|---|---|
| **From:** | Christopher A. Kenney |
| **Sent:** | Tuesday, May 05, 2015 2:39 PM |
| **To:** | Mike Lane; Anthony L. DeProspo |
| **Cc:** | robtdowd@sbcglobal.net |
| **Subject:** | RE: Ellicott v. American Capital Energy, Inc. et al |

Mike,

Thank you for the email message. However, I respectfully believe that you are confused about the status of discovery. Please re-read Plaintiff's Motion to Amend the Scheduling Order and the Court's order granting that motion. Plaintiff requested the Court "to extend the time to complete fact discovery in this case to June 30, 2015." The Court's order states: "Discovery to be completed by 6/30/2015." Plaintiff did not seek additional time solely to conduct depositions nor do we read the Court's order as limiting the means by which the parties are entitled to take discovery up to the extended date.

On a more practical note, I am not sure whether you have read our discovery requests. There's nothing onerous or expansive about them. The interrogatories are largely intended to determine whether there is a need for depositions beyond those of the parties. As we have said from the outset, we want to cooperate in good faith and only depose those individuals who are necessary. The interrogatories are intended to achieve that goal.

The requests for admission are intended to eliminate disputed facts. This will inevitably shorten Defendants' depositions as well as trial.

I hope this resolves your concerns. Please call me or Tony if you want to discuss this.

Thank you.

Chris


**Christopher A. Kenney**
cakenney@KandSlegal.com
Kenney & Sams, P.C.
Boston -Metro West

Main Office Contact:

1

# **EXHIBIT C**

# Anthony L. DeProspo

**From:** Anthony L. DeProspo
**Sent:** Wednesday, May 20, 2015 11:43 AM
**To:** 'Mike Lane'
**Cc:** Christopher A. Kenney; Robert Dowd
**Subject:** Ellicott v. ACE

Mike,

Nice speaking with you today. I write to summarize the discovery agreements the parties arrived at this morning and identify issues where the parties remain in disagreement.

ACE has agreed to produce documents responsive to Plaintiff's First Set of Document Request Nos. 15 and 16 on or before May 26th. ACE will consider producing documents responsive to Plaintiff's First Set of Document Request No. 10 if the parties can agree on an attorney's eyes only confidentiality agreement. We will send you a draft agreement. You will speak to your client. ACE will also provide a written response to Plaintiff's Second Set of Document Requests on or before May 26th. Plaintiff will review those responses when they arrive and determine whether documents should be produced.

ACE's Rule 30(b)(6) deposition will proceed on June 15th. You will identify by June 6th the topics for which Mr. Hunton will be designated to testify in advance of his June 9th deposition. To the extent you can provide us with that information sooner than the 6th if would be greatly appreciated.

ACE does not believe that it is subject to the requirements of G.L. c. 149, § 52C. We will take another look at the statute and get back to you.

ACE intends to object to Plaintiff's pending requests for admission and interrogatories on the basis they are untimely. We request that ACE reconsider its position for the following reasons: a) we do not believe that the Court placed any restrictions on the scope of discovery for this most recent discovery extension; b) Defendants can serve their own written discovery as they deem proper; and c) the discovery is not intended to open up new areas of inquiry, but rather, to narrow the discovery to be taken in these two months. We will have to wait to see what Defendants' responses look like, but if Defendants do not substantively respond, Plaintiff will likely move to compel. We are trying to avoid that.

Please let me know if you have any questions.

-Tony

# **EXHIBIT D**

## Anthony L. DeProspo

**From:** Anthony L. DeProspo
**Sent:** Thursday, June 04, 2015 12:49 PM
**To:** 'Mike Lane'
**Cc:** Christopher A. Kenney; Robert Dowd
**Subject:** RE: Ellicott v. ACE

Mike,

We can talk tomorrow. Unfortunately, we are under a bit of a time crunch.

We received your client's responses to Plaintiff's discovery requests. The parties obviously have a difference of opinion as to whether ACE was obligated to respond and court intervention is likely necessary. We would like to do this in one of two ways: 1) Preferably, the parties would submit a joint request to the court to clarify the scope of the court's April 29th discovery order and inquire as to whether Plaintiff's written discovery was permissible. 2) Alternatively, Plaintiff would seek emergency relief from the Court.

We would prefer to proceed in a non-adversarial manner, which is why option 1 makes sense. We would take the first crack at drafting the joint request. Nobody wants to incur the time and expense of motion practice and the Court likely does not want to hear from us. We would need to move on an emergency basis, however, because the depositions will be completed by the time ACE would be required to respond to any motion filed. We would also prefer to not have to issue multiple deposition notices which, as you know, the requested discovery was designed to eliminate.

Given that we have gone back and forth for almost a month on this, can we at least agree that the parties have satisfied their Rule 7.1 and 37.1 obligations?

Let me know how you would like to proceed.

-Tony

---

**From:** Mike Lane [mailto:mlane@jm-law.net]
**Sent:** Thursday, June 04, 2015 12:36 PM
**To:** Anthony L. DeProspo
**Subject:** Re: Ellicott v. ACE

Tony, i'm tied up most of today. Can we chat tomorrow?