UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN CAPITAL ENERGY, INC., THOMAS HUNTON and ARTHUR HENNESSEY,<br><br>    Defendants,<br>and<br><br>REDWOOD SOLAR DEVELOPMENT, LLC,<br><br>    Reach and Apply Defendant. | Civil Action No. 14-CV-12152 |

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PLAINTIFF'S WITHDRAWN EXPENSE REIMBURSEMENT CLAIM

Plaintiff Stephen Ellicott hereby moves this Court for an order excluding any and all evidence, testimony, discussion or argument, relating to Mr. Ellicott's withdrawn business expense reimbursement claim that was voluntarily dismissed.

### Background

Mr. Ellicott brought this action on April 2, 2014. In his original complaint, Mr. Ellicott claimed that Defendant American Capital Energy ("ACE") had failed to reimburse Mr. Ellicott $91,508 in business expenses incurred while performing work for ACE. Mr. Ellicott's employment agreement specifically requires ACE to reimburse Mr. Ellicott for business expenses. In the course of discovery, a disagreement arose as to whether Mr. Ellicott had actually submitted for reimbursement the business expenses at issue. ACE claimed that Mr. Ellicott had not, and created a sideshow of this relatively minor aspect of Mr. Ellicott's almost $2 million Wage Act suit.

ACE claimed it never received reimbursement requests for these expenses while Mr. Ellicott was employed and argued that ACE would not have paid many of these expenses if they had been timely submitted. In any event, the issue is irrelevant because ACE never paid any of these expenses.

Rather than get bogged down attempting to establish the timing of his expense reimbursement requests, Mr. Ellicott withdrew his claim for reimbursement of those expenses. On December 15, 2015, Mr. Ellicott filed a motion to amend his complaint. Mr. Ellicott did so for three (3) reasons. First, Mr. Ellicott sought to streamline his claims on the eight (8) solar projects for which he seeks compensation. Second, Mr. Ellicott brought claims against a reach and apply defendant and sought (and obtained) an attachment. And third, Mr. Ellicott dropped his expense disputed reimbursement claim.

Defendants opposed Mr. Ellicott's motion on the basis that Mr. Ellicott sought to "amend away" prior allegations "that have been proven through discovery to be false or inaccurate." Here, the issue was not whether Mr. Ellicott's expense claim was legitimate, but rather, whether Mr. Ellicott had even submitted those expenses to ACE in the first place. Rather than fight that fight, Mr. Ellicott voluntarily dismissed the claim. On March 19, 2016, the Court allowed Mr. Ellicott's motion to amend and granted his motion for an attachment.

Still, Defendants may attempt to argue former claims that are no longer part of this case to distract and confuse the jury about the claims that are being tried. Defendants should not be allowed to do so.[1]

---

[1] To be clear, Mr. Ellicott withdrew his reimbursement claim for business expenses incurred *after September 2009*, as there exists a disagreement over whether Mr. Ellicott ever submitted claims for expense reimbursements after that date.

There is no dispute that Mr. Ellicott submitted proper business expense reimbursement requests *before September 2009* and that ACE reimbursed Mr. Ellicott for those expenses. Those expenses are addressed in a separate motion *in limine*.

**Argument**

"An amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader." Intergen, N.V. v. Grina, 344 F.3d 134, 145 (1st Cir. 2003). "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (quoting Kolling v. Am Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003)). The filing of an amended complaint constitutes the abandonment of an omitted claim previously alleged in the original complaint. See Resnick v. Copyright Clearance Center, Inc., 422 F. Supp. 2d 252, 259 (D. Mass. 2006). The Court should be guided by these well-grounded principles.

In support of his (now withdrawn) business expense claim, Mr. Ellicott produced over eight hundred (800) pages of documents containing business expense receipts and summaries. As forecasted in discovery, Defendants would like nothing more than to cross-examine Mr. Ellicott about those expenses to distract the jury from the main issue in this case, i.e., Mr. Ellicott's entitlement to multi-million dollars of unpaid commissions on solar projects he sold for ACE and for which ACE was fully paid. Such a cross-examination would no serve no purpose. Most of the expenses are dated four (4), five (5), six (6) years ago, and all are now irrelevant as a matter of law. See Fed. R. Evid. 401, 402, 403.

Most importantly, Mr. Ellicott no longer seeks reimbursement for those expenses. It is therefore not relevant to any claims presently before the Court. Evidence that is not relevant is not admissible. The only possible reason Defendants would seek to introduce evidence of this now-withdrawn claim is to confuse the jury, somehow discredit Mr. Ellicott and seek an unwarranted offset on his commission claims. Defendants should not be allowed to waste the jury's time with a sideshow based on claims no longer being pursued.

WHEREFORE, Plaintiff Stephen Ellicott respectfully requests that the Court enter an order excluding any and all evidence, testimony, discussion or argument, relating to Mr. Ellicott's withdrawn expense reimbursement claim.

July 22, 2016

Respectfully submitted,

STEPHEN ELLICOTT,

By his attorney,

/s/ Anthony L. DeProspo, Jr.
Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501

## CERTIFICATE OF SERVICE

    I hereby certify that the attached document was filed through the ECF system and was served electronically to the registered attorneys of record on July 22, 2016.

                                            /s/ Anthony L. DeProspo, Jr.
                                                Anthony L. DeProspo, Jr.