UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————————

| | | |
|---|---|---|
| STEPHEN ELLICOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-CV-12152 |
| | ) | |
| AMERICAN CAPITAL ENERGY, INC., | ) | |
| THOMAS HUNTON and ARTHUR | ) | |
| HENNESSEY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REDWOOD SOLAR DEVELOPMENT, LLC, | ) | |
| | ) | |
| Reach and Apply Defendant. | ) | |

———————————————————————————

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Stephen Ellicott hereby submits his proposed Jury Instructions.


December 21, 2016           Respectfully submitted,

STEPHEN ELLICOTT,

By his attorneys,

/s/ Anthony L. DeProspo, Jr.
Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501

Introductory Jury Instruction Request

      Plaintiff Stephen Ellicott has brought a claim under the Massachusetts Wage Act.  Under the Wage Act, every employee must be paid in full all wages owed to that employee.  Sales commissions are considered wages if owed at the time the employee is discharged or voluntarily resigns from his employment.

      Mr. Ellicott claims that Defendant American Capital Energy, Inc. failed to pay him for commissions due at the time he left his employment at American Capital Energy, Inc.  American Capital Energy, Inc. claims that Mr. Ellicott has been paid in full.

> G.L. c. 149, § 148;
> McAleer v. Prudential Ins. Co. of America, 928 F. Supp. 2d 280 (D. Mass. 2013);
> Cumpata v. Blue Cross Blue Shield of Mass., 113 F. Supp. 2d 164 (D. Mass. 2000).

Plaintiff's Request No. 1

## JURORS MUST REMAIN IMPARTIAL

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law, as given to you by the Court in these instructions, to those facts.  You are to perform this duty without sympathy, bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  The Court, the parties and the public expect that you will carefully and impartially consider all evidence in the case, follow the law as stated by the Court and reach a just verdict free from all personal sympathies and prejudices.

> 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 71.01, at 17-18 (1987).

Plaintiff's Request No. 2

## JURY IS FACT FINDER

You are the finders of fact and it is your duty and yours alone to find the facts.  Anything that I may have said or done during this proceeding that you think indicates how I feel about the case is not to be considered at all by you in arriving at your decision.

Plaintiff's Request No. 3

## COURT INSTRUCTS THE LAW

My duty is to govern the course of the trial and to instruct you on the law. If I should be in error as to anything I have done or in my instructions to you, my action is subject to correction by a higher court. You, however, must follow the law as I state it in my instructions to you. You are not free to disregard it because you do not like it or because you think that I may be mistaken about it. You must take the law as I give it to you and then apply it to the facts which you find.

Plaintiff's Request No. 4

## JURY MUST FOLLOW THE LAW

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions by the Court; just as it would be a violation of your sworn duty as jurors to base a verdict upon anything but the evidence in this case.

Plaintiff's Request No. 5

<u>LAWYERS PRESENT EVIDENCE</u>

Each lawyer owes an obligation to his or her client and to the Court to present all of the evidence that in his or her professional judgment best supports the positions of the client.  They owe the obligation to uncover through cross-examination and otherwise all of the weaknesses in the opponent's position.  With all of the strengths and all of the weaknesses of both sides thus exposed, the jury is then in position to determine the facts and to apply the law in accordance with the Court's instructions.  That is the way our system works.

Plaintiff's Request No. 6

## OBJECTIONS AND RULINGS RELATE ONLY TO QUESTIONS OF LAW

During the course of the trial, counsel have stated their objections to questions that have been asked.  Some of the objections were sustained and some were overruled.  Read nothing whatsoever into these objections and rulings.  They relate strictly to questions of law that I respectfully say to you are not the jury's concern.  Reasonable persons may differ on questions relating to the admissibility of evidence.  Attorneys very properly argue for the rulings that they deem most favorable to their respective sides.  It would be unfair for the jury to penalize a party because of rulings on evidence made by the Court.  For the purposes of this trial, the parties must abide by the judge's rulings and the jury should as well – and not speculate for one moment on what an answer might have been had it been permitted or why an objection was made or sustained or overruled.  Your decision must be based solely on the evidence that was admitted.

Relanti v. Boston Edison Corp., 33 Mass. App. Ct. 516 (1992);
Fernandez v. Chardon, 681 F.2d 42, 56 n.10 (1st Cir. 1982), aff'd, 462 U.S. 650 (1983).

Plaintiff's Request No. 7

<u>CONSIDER ONLY EVIDENCE</u>

In your deliberations you are only to consider the evidence that has been introduced, which is the testimony from the witness stand and the information contained in the trial exhibits. You are not to consider as evidence any statements made by any attorney in his or her examination of any of the witnesses.  Further, statements by an attorney in an opening statement or final argument are not evidence and should not be considered by you as such.

<u>Relanti v. Boston Edison Corp.</u>, 33 Mass. App. Ct. 516 (1992);
<u>Fernandez v. Chardon</u>, 681 F.2d 42, 56 n.10 (1st Cir. 1982), <u>aff'd</u>, 462 U.S. 650 (1983).

Plaintiff's Request No. 8

CREDIBILITY

In judging the credibility or believability of a witness, you may consider, among other things, his or her demeanor on the stand, his or her interest in the outcome of the case, inconsistencies in his or her testimony and any inconsistencies between his or her testimony at this trial and any previously made statements.

Commonwealth v. Clary, 388 Mass. 583, 589 (1983).

Plaintiff's Request No. 9

## JURY DETERMINES CREDIBILITY

In reaching your determination as to whether the Plaintiff has satisfied his burden of proof, I instruct you that you are the sole judges of the credibility, or believability, of the witnesses.  You do not have to believe, and may decide that you do not believe, any witness who has appeared before you.  You may decide that you believe part, but not all, of the testimony of any witness.  In reaching your decision whether you believe a witness, you may consider how the witness conducted himself or herself while on the witness stand.  You may also consider whether the witness had an opportunity to learn the facts about which that witness testified.

> Commonwealth v. Repoza, 382 Mass. 119, 131 (1980);
> Commonwealth v. Paradiso, 368 Mass. 205, 208 n.2 (1975);
> Commonwealth v. Bailey, 12 Mass. App. Ct. 104, 106 n.2 (1981).

Plaintiff's Request No. 10

## CREDIBILITY OF EXPERTS

What I said about the credibility of witnesses is equally applicable to the credibility of expert witnesses.  Simply because a witness has been identified to you as an expert does not mean that you are required to accept what the expert witness says as true.  You may give each expert opinion received in this case such weight as you may think it deserves.  You may entirely disregard the opinion of an expert, or any part of the opinion of an expert.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or not supported by the facts as you find them, or if you should conclude that the expert's reasons given in support of that opinion are not sound or complete, or if you feel it is outweighed by other evidence, you may disregard the opinion entirely.

Plaintiff's Request No. 11

<u>EVALUATION OF EXPERTS</u>

You may properly conclude that an expert is accurate in all of his or her opinions, in some opinions, or in none of his or her opinions.  In particular, you should ask yourself whether the opinions presented to you by an expert are consistent with the underlying facts of the case as you find them to be.  An opinion is only as good as the factual assumptions on which it is based, and if you conclude that an expert has some of the facts wrong, you should discount that expert's opinion accordingly.

Plaintiff's Request No. 12

## EXPERT'S OPINION – NOT BASED UPON SPECULATION

For expert opinion to have any probative effect, it must be based upon an adequate factual foundation.  You, as the finder of fact, must find that facts relied upon by an expert exist before the expert's opinion has any probative value.  An expert's opinion may not rest upon speculation.  A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that does not tend toward that conclusion any more than to the contrary conclusion has no evidentiary value.

Plaintiff's Request No. 13

<u>FACT WITNESS – SPECULATION</u>

If a fact witness testified that he or she "may have" or "could have" done or said something, the legal effect is equal to a statement that the witness does not know.  It is not evidence that he or she did or said that thing.

Plaintiff's Request No. 14

BURDEN OF PROOF

The burden of proof is the burden upon a party alleging a fact to persuade you as jurors that the fact actually exists.  In this case, Mr. Ellicott has asserted claims against Defendants. Mr. Ellicott, therefore, bears the burden of proving the elements of his claims by a preponderance of the evidence.

Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940);<br>Lisbon v. Contributory Ret. App. Bd., 41 Mass. App. Ct. 246 (1996).

Plaintiff's Request No. 15

<u>PREPONDERANCE OF THE EVIDENCE</u>

The preponderance of the evidence is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt.  In a civil case such as this one, the claimant is not required to prove his case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when he shows it to be true by a preponderance of the evidence.

<u>Sargent v. Massachusetts Accident Co.</u>, 307 Mass. 246, 250 (1940);
<u>Lisbon v. Contributory Ret. App. Bd.</u>, 41 Mass. App. Ct. 246 (1996).

Plaintiff's Request No. 16

<u>PREPONDERANCE OF THE EVIDENCE</u>

The preponderance of the evidence means the greater weight of the evidence.  A preponderance of the evidence is evidence which, when considered and compared with any evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

<u>Stepakoff v. Kantar</u>, 393 Mass. 836, 842-843 (1995);
<u>Smith v. Rapid Transit Co.</u>, 317 Mass. 469, 470 (1945).

Plaintiff's Request No. 17

<u>BREACH OF CONTRACT</u>

To prevail on his breach of contract claim, Mr. Ellicott must prove the following four elements by a preponderance of the evidence: (a) that there is a contract; (b) that Mr. Ellicott performed his obligations under the contract; (c) that American Capital Energy, Inc. breached the contract; and (d) that Mr. Ellicott suffered damages as a result of the breach of contract.

<u>Singarella v. City of Boston</u>, 342 Mass. 385 (1961);
<u>Michelson v. Digital Fin. Servs.</u>, 167 F. 3d 715 (1st Cir. 1999).

Plaintiff's Request No. 18

## BREACH OF CONTRACT

If a party suing for breach of contract has sustained a loss as a result of a breach,

then that loss may be recovered in an action for damages.

> American Mech. Corp. v. Union Mach. Co. of Lynn, Inc.,
> 21 Mass. App. Ct. 97 (1985).

Plaintiff's Request No. 19

## DAMAGES – BREACH OF CONTRACT

Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed.

> Restatement (Second) of Contracts § 347 cmt. a (1981);
> VMark Software, Inc. v. EMC Corp., 37 Mass. App. Ct. 610, 611 n.2 (1994).

Plaintiff's Request No. 20

## MASSACHUSETTS WAGE ACT

Plaintiff Steve Ellicott claims that Defendants violated the Massachusetts Wage Act. Under the Wage Act, every employee must be paid in full all the wages owed.  If by a preponderance of the evidence you find that Mr. Ellicott left his employment at American Capital Energy, Inc., whether he was discharged or voluntarily resigned, and he was not paid wages he had earned, you must find that the Wage Act has been violated.

> G.L. c. 149, § 148;
> Dixon v. City of Malden, 464 Mass. 446 (2013);
> Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009).

Plaintiff's Request No. 21

## MASSACHUSETTS WAGE ACT – STRICT LIABILITY

The Wage Act is a strict liability statute.  That means that whether good faith or bad, by accident or on purpose, if an employer fails to pay an employee all wages owed on the last day of his employment, the employer has violated the Wage Act.

Dixon v. City of Malden, 464 Mass. 446 (2013);
Awuah v. Coverall North America, Inc., 460 Mass. 484, 492 (2011);
Somers v. Converged Access. Inc., 454 Mass. 582, 591 (2009).

Plaintiff's Request No. 22

## WAGE ACT – COMMISSIONS

For purposes of the Wage Act, sales commissions are considered "wages."

> G.L. c. 149, § 148;
> McAleer v. Prudential Ins. Co. of America, 928 F. Supp. 2d 280 (D. Mass. 2013).

Plaintiff's Request No. 23

### WAGE ACT - INDIVIDUAL LIABILITY OF CORPORATION'S OFFICERS

The Massachusetts Wage Act provides that the "president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section."  That means that individuals who are employed by a corporation and who are in a position to direct and participate to a substantial degree in formulating the corporation's policies, especially the corporation's compensation policies, qualify as employers under the Wage Act.  For the purposes of this litigation, you must determine whether Thomas Hunton, President of American Capital Energy, Inc., and Arthur Hennessey, Chief Financial Officer of American Capital Energy, Inc., were substantially involved in the management of American Capital Energy, Inc. If they were, you must find them to be Mr. Ellicott's "employers."

> G.L. c. 149, §§ 148, 150;
> Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 711 (2005);
> Nahigian v. Leonard, 223 F. Supp. 2d 151 (D. Mass. 2002).

## CERTIFICATE OF SERVICE

I hereby certify that the attached document was filed through the ECF system and was served electronically to the registered attorneys of record on December 21, 2016.

_/s/ Anthony L. DeProspo, Jr._
Anthony L. DeProspo, Jr.