UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 14-12152-FDS |
| v. | ) |
| AMERICAN CAPITAL ENERGY, INC., | ) |
| THOMAS HUNTON, and | ) |
| ARTHUR HENNESSEY, | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR ATTACHMENT
AND DEFENDANTS' MOTION TO ABATE ATTACHMENT**

**SAYLOR, J.**

Plaintiff Stephen Ellicott brought this action against his former employer, American Capital Energy, Inc. ("ACE"), and its two principals, Thomas Hunton and Arthur Hennessey, seeking compensation for unpaid wages. The complaint brought two counts under state law, alleging a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and breach of contract. On February 6, 2017, following a jury trial, the Court issued a judgment in favor of plaintiff on both counts.

On March 2, 2017, plaintiff brought this motion to attach ACE's accounts receivable. On March 9, 2017, defendants filed a motion to abate the attachment of accounts receivable pending ACE's sale to a third party. Defendants' motion was premature, as the Court had not previously issued an order of attachment concerning ACE's receivables.

Under Massachusetts law, attachment is only available for "real and personal property

liable to be taken on execution." Mass. Gen. Laws ch. 223, § 42.  Accounts receivable, as intangible property, may be accessible through other legal means, but are not subject to attachment.

Accordingly, plaintiff's motion to attach ACE's accounts receivable (Docket No. 208) is DENIED.  Defendant's motion to abate the attachment of ACE's receivables (Docket No. 216) is DENIED as moot.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 31, 2017	United States District Judge