UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN ELLICOTT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-12152-FDS |
| v. | ) ) | |
| AMERICAN CAPITAL ENERGY, INC., THOMAS HUNTON, and ARTHUR HENNESSEY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**SAYLOR, J.**

Plaintiff Stephen Ellicott brought this action against his former employer, American Capital Energy, Inc. ("ACE"), and its two principals, Thomas Hunton and Arthur Hennessey, seeking compensation for unpaid wages. The complaint brought two counts under state law, alleging a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and breach of contract. On February 6, 2017, following a jury trial, the Court issued a judgment in favor of plaintiff on both counts. Plaintiff has moved for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 149, § 150. For the following reasons, plaintiff's motion will be granted in part and denied in part.

**I.      Background**

ACE is a solar-energy company that sells large-scale solar energy projects to commercial clients. Ellicott is a former sales employee at ACE. Thomas Hunton and Arthur Hennessey are

principals of ACE.

On April 2, 2014, Ellicott brought this action seeking compensation for unpaid commissions. The complaint alleged two counts under Massachusetts state law, claiming a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and breach of contract.

When Ellicott brought the complaint, he was represented by attorneys Mark Pogue and Nathanael Nichols of the law firm Locke Lord LLP. Those attorneys withdrew from the case on April 10, 2015. They were replaced by two partners at the law firm Kenney & Sams, P.C., Christopher Kenney and Anthony DeProspo.

In the months following that change of counsel, Ellicott litigated this action vigorously. He brought a motion to amend the complaint, a motion for summary judgment, a motion for a real-estate attachment and a reach-and-apply injunction, a motion for injunctive relief, a motion for a preliminary injunction, and multiple motions *in limine*, as well as opposed multiple motions by defendants.

In January 2017, the case was tried to a jury. The jury returned a verdict in Ellicott's favor, finding defendants liable under both counts. The jury further found that Ellicott was owed $958,830 in lost wages. Those damages were trebled pursuant to Mass. Gen. Laws ch. 149, § 150 for a total award of $2,876,490 under the Massachusetts Wage Act.

Plaintiff has moved for an award of reasonable attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 149, § 150.

## II.   Analysis

### A.   Reasonable Attorneys' Fees

Plaintiff requests attorneys' fees for 1,317.4 hours of work at a total charge of $487,150.

That time was billed by three attorneys at Kenney & Sams, P.C., two of whom are partners (Kenney and DeProspo) and one of whom is an associate (Jaimeson E. Porter).

### 1. Standard for Calculating Reasonable Attorneys' Fees

A plaintiff who prevails on a Wage Act claim is entitled to a mandatory award of "reasonable attorneys' fees." Mass. Gen. Laws ch. 149, § 150; *see also Lipsitt v. Plaud*, 466 Mass. 240, 250 (2013). Both the First Circuit and Massachusetts courts generally follow the so-called "lodestar" method for evaluating the reasonableness of a fee application. *See Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994); *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 325 (1993).[1]

The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining that base figure, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. At this step, "the court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (quotation omitted). The fee applicant bears the burden of proving that the number of hours expended is reasonable. *See Torres-Rivera*, 524 F.3d. at 340.

The second step is to determine a reasonable hourly rate as benchmarked to the

---

[1] A federal court sitting in diversity must apply state law in calculating reasonable attorneys' fees. *See Northern Heel Corp. v. Compo Indus., Inc.*, 851 F.2d 456, 475 (1st Cir. 1988). In light of the similar approaches used by Massachusetts courts and courts in the First Circuit, this Court will consider both federal and Massachusetts state precedent in evaluating the reasonableness of the request for fees. *See Joyce v. Town of Dennis*, 720 F.3d 12, 26 (1st Cir. 2013) (citing *Fontaine v. Ebtec Corp.*, 415 Mass. at 325).

"prevailing rates in the community" for lawyers of like "qualifications, experience, and specialized competence." *See Gay Officers League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951 (1st Cir. 1984). The applicant bears the burden to produce evidence establishing the prevailing rates in the community. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

The court may then adjust the lodestar amount upward or downward based on a number of factors. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). Those factors include

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt.,* 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley,* 461 U.S. at 430 n.3).

### 2. **Time Spent**

Plaintiff requests compensation for 1,317.4 hours of work. The vast majority of that time was billed by the partners, with DeProspo billing 927.7 hours, Kenney billing 336.1 hours, and Porter billing 53.6 hours.

As an initial matter, the Court is somewhat hindered in evaluating the reasonableness of the time spent on each task because the attorneys, particularly in earlier entries, used block billing to record their time. For example, a single entry from the attorneys' timesheet on June 4, 2015, reflects that DeProspo spent 7.8 hours of time, at a total charge of $2,847, preparing for

and meeting with plaintiff's expert, preparing for a deposition, producing supplemental documents, reviewing the expert's engagement letter, and reviewing and revising a joint statement concerning a related action. (Kenney Aff. Tab A). Such a practice makes it difficult or impossible to review the reasonableness of specific tasks, and warrants a reduction in the number of compensable hours. *See Torres-Rivera,* 524 F.3d at 340 (finding no error in district court's application of a 15% global reduction of fee award as a sanction for block billing). In light of the attorneys' use of block billing, the Court will reduce the number of hours for which compensation is requested by 5%. A greater reduction is not warranted because this practice was not pervasive in the attorneys' later entries.

The amount should also be reduced for time spent on administrative tasks and travel. Courts often apply differential rates to fees for "'core' tasks like 'legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders'" and "'non-core' tasks, which are 'less demanding,' such as 'letter writing and telephone conversations.'" *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015) (quoting *Brewster v. Dukakis,* 3 F.3d 488, 492 n.4 (1st Cir. 1993)). Travel time is considered to be non-core work that is routinely discounted at half the rate of core legal work. *See, e.g., Chestnut v. Coyle*, 2004 WL 438788, at *3 (D. Mass. Mar. 9, 2004) (collecting cases reducing fee award for travel time); *Norkunas v. HPT Cambridge, LLC*, 969 F. Supp. 2d 184, 196 (D. Mass. 2013) ("Travel time is typically compensated to account for only half of the time actually spent traveling."). Here, the attorneys did not distinguish between core and non-core work in billing time, instead charging their full rate as partners for travel and all other tasks performed. Many of the tasks for which plaintiff requests nearly $400 per hour in fees could have been performed by a less-experienced associate or paralegal at a substantially reduced rate.

For example, on January 31, 2016, DeProspo billed for 2.2 hours at a total cost of $803 to assemble exhibits and prepare a deposition transcript for submission to the Court. In fairness, such "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992). Again, the attorneys failed to identify precisely how much time was spent on travel and clerical work, as those tasks are intermingled with core-work tasks in entries. Rather than use different rates to compensate the attorneys for core and non-core work, the court will apply a global reduction of 20%. *See Matalon v. Hynnes*, 806 F.3d 627, 640 (1st Cir. 2015).

In the context of a fee-shifting statute, courts are directed to "zealously guard against any propensity to over-staff litigation." *Lipsett v. Blanco*, 975 F.2d at 939 (quoting *United Nuclear Corp. v. Cannon,* 564 F. Supp. 581, 590 (D.R.I. 1983)). Some entries in the attorneys' timesheets appear to charge for duplicative or unnecessary tasks. For example, on January 12, 2017, DeProspo billed for 8.9 hours of time for tasks that included, among other things, travel to Boston to attend the pretrial conference, time spent at the conference, and meeting with Kenney concerning trial preparation. Likewise, Kenney billed for 5.7 hours to attend the pretrial conference and to meet with DeProspo concerning trial witness outlines. Similarly, on June 15, 2016, DeProspo charged for 7.9 hours to prepare for and take a Rule 30(b)(6) deposition, among other things. The same day, Kenney also charged for 3.8 hours to prepare for and attend a portion of the 30(b)(6) deposition. It is not clear why both attorneys needed to attend the relevant hearings and depositions, or why the full time needed to be charged. The case was not unusually complex, and indeed defendants were represented by a single attorney for most of the litigation, including the trial. Accordingly, the Court will apply an additional 5% reduction in approving the number of hours reasonably expended.

Accordingly, the Court will reduce the number of hours for which compensation was requested by 30%.

### 3. **Hourly Rates**

Plaintiff requests hourly rates of $395 for Kenney's time, $365 for DeProspo's time, and $285 for Porter's time.

The reasonableness of an hourly rate cannot be presumed; it is the applicant's burden to demonstrate that a requested rate is reasonable. *See Blum*, 465 U.S. at 896 n.11. Plaintiff did not provide any documentation to support a rate of $285 per hour for Porter's time. The Court has no information about that attorney, for whom 53.6 hours in compensation is requested for a total charge of $15,276. An affidavit submitted by Kenney merely describes her as "less-experienced." Kenney Aff. ¶ 23. In the absence of any documentation justifying the rate sought, the Court will reduce Porter's rate from $285 per hour to $125 per hour.

Plaintiff submitted an affidavit by Kenney stating that attorneys Kenney and DeProspo are experienced attorneys with good reputations in the community. The Court has no reason to believe otherwise—the attorneys litigated this case capably and secured a favorable result. As evidence that the rates charged are reasonable, Kenney points to a recent Suffolk County Superior Court case in which the court approved a rate of $395 for his work. The affidavit also states that "based upon my 26 years of active litigation experience, I believe our rates and charges to Mr. Ellicott are fair and reasonable." Kenney Aff. ¶ 23. That broad statement, in conjunction with the state court case involving different issues in a different forum, are the only evidence provided to support the reasonableness of the fee. Based on that limited evidence, plaintiff has not carried his burden to show that the rates charged are reasonable. *See Blum*, 465 U.S. at 896 n.11 (1984) ("the burden is on the fee applicant to produce satisfactory evidence—in

addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community"); *Bordanaro v. McLeod*, 871 F.2d 1151, 1168 (1st Cir. 1989) (finding that unsupported statements made in fee applicants' attorneys' affidavits are insufficient to support a claim for prevailing market rates); *see also E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 358 (D. Mass. 2013) (finding that "appealing to awards by other judges is moderately helpful, at best" to support a claim for prevailing market rates). Accordingly, the Court will reduce the requested rates somewhat to $350 per hour for Kenney's time and $320 per hour for DeProspo's time.

### 4. Adjustment

This should not have been a difficult case. The facts of the case presented a relatively straightforward contract and wage dispute concerning the payment of commissions on eight projects. Based on those facts, it is not obvious why this case required more than one thousand hours of work by two partners with collectively nearly five decades of experience. In addition, plaintiff was originally represented by another law firm. Predecessor counsel filed the complaint in this action and represented plaintiff for a full year, almost to the close of fact discovery, before being replaced by current counsel in April 2015. Under those circumstances alone, it would be reasonable to further reduce fee award. However, as plaintiff points out, this case was made substantially more difficult by defendants' approach to the litigation. Defendants' theory of their defense changed multiple times, including on the eve of trial. Plaintiffs zealously litigated the case in response to what was often a moving target, and achieved a favorable jury verdict. In light of all of the facts, the Court will decline to adjust the lodestar calculation any further downward. *See Lipsett v. Blanco*, 975 F.2d at 939 (considering the "bitter" resistance mounted by opposing counsel in declining to reduce applicant's request for attorneys' fees where the case

was arguably overstaffed).

### 5. Conclusion

In summary, the Court finds that a reasonable award of attorneys' fees under the circumstances is as follows: DeProspo will be compensated for 649.4 hours of work at a rate of $320 per hour; Kenney will be compensated for 235.3 hours of work at a rate of $350 per hour; and Porter will be compensated for 37.5 hours of work at a rate of $125 per hour. The total award of reasonable attorneys' fees is thus $294,839.30.[2]

| | Fees | |
|---|---|---|
| | **Compensation Requested** | **Compensation Approved** |
| Attorney DeProspo | 927.7 hours at $365/hour = $338,610.50 | 649.4 hours at $320/hour = $207,804.80 |
| Attorney Kenney | 336.1 hours at $395/hour = $132,759.50 | 235.3 hours at $350/hour = $82,344.50 |
| Attorney Porter | 53.6 hours at $285/hour = $15,276 | 37.5 hours at $125/hour = $4,690 |
| **Total** | **$486,646** | **$294,839.30** |

### B. Costs

Under the Wage Act, a prevailing plaintiff is entitled to a mandatory award of "the costs of the litigation." Mass. Gen. Laws ch. 149, § 150; *see also Lipsitt v. Plaud*, 466 Mass. at 250.

Plaintiff has requested $83,639.64 in litigation expenses. The majority of those costs—$61,165—were expended to retain an expert witness to opine on the commission calculation. Plaintiff did not provide any independent documentation to support the reasonableness of that expert fee, such as invoices detailing how the expert's time was spent or evidence of comparable expert fees. The amount also seems extraordinarily high in light of the matters at issue. In light

---

[2] There is a mathematical error in the timesheet that plaintiff submitted to the Court. Kenney Aff. Tab A. Under the "Legal Services Summary" section of the timesheet, the row describing DeProspo's time reflects an hourly rate of $365, billing for 927.7 hours for a total charge of $339,114.50. However, $365 x 927.7 = $338,610.50, not the slightly higher amount reflected in the timesheet's summary section. Plaintiff apparently relied on that erroneous calculation in requesting $487,150 in attorney's fees, rather than the slightly lower amount calculated by the Court in the table below.

of the lack of documentation supporting the fee, the Court will reduce the reimbursement sought for the expert by half.

In addition, plaintiff seeks $13,112.71 in reimbursement for the costs of making photocopies. Plaintiff seeks between $.15 and $.20 per page, for tens of thousands of pages of photocopies. Plaintiff has not provided any documentation to support that rate, or indeed to support why the photocopies were even necessary. Again, in light of the lack of supporting documentation, the Court will reduce the reimbursement sought for photocopies by half.

Plaintiff's request for expenses related to travel, deposition transcripts, and other expenses is otherwise reasonable.

Therefore, the Court finds that a reasonable award of costs under the circumstances is $46,500.79.

| Costs | | |
|---|---|---|
| **Category** | **Cost Requested** | **Cost Approved** |
| Expert fee | $61,165 | $30,582.50 |
| Photocopies | $13,112.71 | $6,556.36 |
| Deposition transcripts | $6,017.35 | $6,017.35 |
| Federal Express fees and postage | $303.60 | $303.60 |
| Travel and other expenses | $3,040.98 | $3,040.98 |
| **Total** | **$83,639.64** | **$46,500.79** |

### III.  Conclusion

For the foregoing reasons, plaintiff's motion for attorneys' fees, costs, and other expenses is GRANTED in the amount of $294,839.30 in fees and $46,500.79 in costs, and is otherwise DENIED.

**So Ordered.**

Dated: April 3, 2017

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge