UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN CAPITAL ENERGY, INC., THOMAS HUNTON, and ARTHUR HENNESSEY, <br><br> Defendants. | Civil Action No. 14-12152-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR RELIEF UNDER FED. R. CIV. P. 59(e)**

SAYLOR, J.

This is a dispute between a solar-energy company and a former sales employee over unpaid commissions. Plaintiff Stephen Ellicott brought suit against American Capital Energy, Inc. and its two principals, Thomas Hunton and Arthur Hennessey, alleging a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and breach of contract. On February 6, 2017, following a jury trial, the Court issued a judgment in favor of plaintiff on both counts. Defendants have moved to alter or amend the judgment pursuant to Fed. Civ. P. 59(e). For the following reasons, defendants' motion will be denied.

**I.   Background**

Defendant American Capital Energy, Inc. ("ACE"), sells large-scale solar-energy projects to commercial clients. Plaintiff Stephen Ellicott is a former sales employee at ACE. Defendants Thomas Hunton and Arthur Hennessey are principals of ACE. Hunton is ACE's president and

Hennessey is ACE's treasurer.

On April 2, 2014, Ellicott brought this action seeking compensation for unpaid commissions. The complaint alleged two counts under Massachusetts state law, claiming a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and breach of contract.

The case was tried in January 2017 to a jury. Ellicott offered evidence that he had a written contract with ACE that provided for a commission of 40% of the profit margin on each "sale" he made, and stated that his commission "may be reasonably split with various sales support personnel by mutual agreement." The parties stipulated that Ellicott was involved in the sale of nine solar installation projects while employed with ACE, eight of which made a profit. Among other things, the parties disputed whether Ellicott made a "sale" on each of those projects entitling him to a 40% commission, and how the commission should be calculated if any was due. All but one of the projects were sold more than three years prior to the filing of the lawsuit.

At the close of evidence, defendants moved for a directed verdict on the Wage Act claim on the basis that the Act does not apply to commissions based on profit. (Docket No. 183).

On January 24, 2017, the Court charged the jury. The jury was instructed that under the Wage Act, "[t]he third element that the plaintiff must prove . . . is that the employer failed to pay him the wages he earned in a timely manner." The jury was further instructed under the heading of "damages" that "[i]f you find any of the defendants are liable under the Wage Act, you must determine the amount of wages that the plaintiff earned, but has not been paid."

The verdict form listed the three defendants separately for liability and damages. The form asked, as to each defendant, "If you found that [the relevant defendant] is liable under the Massachusetts Wage Act, what amount of damages do you award against that defendant as to

that claim?" (Docket No. 189). Initially, the jury returned a verdict form that found all three defendants were liable under the Wage Act. However, the jury found ACE liable for $958,830 and each of the individual defendants liable for $0.

After conferring with the parties at sidebar, the Court instructed the jury that for the individual defendants to be held liable, there has to be a wage due and payable for some amount greater than zero. The Court directed the jury to reconsider its answers concerning liability and damages owed by the individual defendants to make the verdict form consistent.

The jury returned a second verdict form that found ACE liable for $758,830 and each of the individual defendants liable for $100,000. Defendants immediately moved for a mistrial. That motion was denied.

On February 2, 2017, defendants again moved for a mistrial and for judgment notwithstanding the verdict. In the motion for a mistrial, defendants argued that the Court erred in making rulings *in limine* concerning whether Ellicott was obligated to split commissions with sales support staff. In the motion for judgment notwithstanding the verdict, defendants again argued that the Wage Act does not apply to commissions. The Court denied both motions.

On February 6, 2017, the Court issued a judgment in favor of plaintiff on both counts pursuant to the second verdict form. On the Wage Act claim, the judgment ordered that damages be awarded against ACE in the amount of $758,830, trebled pursuant to Mass. Gen. Laws ch. 149, § 150, for a total sum of $2,276,490. It ordered damages against each of the individual defendants in the amount of $100,000, trebled for a total sum of $300,000, plus joint and several liability for the amount owed by ACE. Therefore, the total liability of each individual defendant of $2,576,490 exceeded the total liability of ACE by $300,000.

On March 5, 2017, defendants moved to alter or amend the judgment under Rule 59(e).

3

## II. Legal Standard

Amendment or alteration of a judgment is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). However, a motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* at 81–82.

A Rule 59(e) motion should not be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *National Metal Finishing Co. v. Barclays American/Commercial Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

## III. Analysis

### A. Unification of Award Under Wage Act

Defendants contend that the Court erred in issuing a judgment finding the individual defendants liable for greater damages than the corporate defendant under the Wage Act. They contend that each defendant should be jointly and severally liable for a unified award of the amount of damages found against ACE of $758,830, trebled for a total sum of $2,276,490. Plaintiffs contend that each defendant should be jointly and severally liable for a unified award of the full amount of wages found due and payable of $958,830, trebled for a total sum of $2,876,490.

The Massachusetts Wage Act requires employers to pay employees in a timely manner. Mass. Gen. Laws ch. 149, § 148. Any employer violating that requirement is subject to substantial, mandatory penalties, including "treble damages, as liquidated damages, for any lost wages and other benefits and . . . the costs of the litigation and reasonable attorneys' fees." *Id.* § 150. Under the Act, the "president and treasurer of a corporation . . . shall be deemed to be the employers of the employees of the corporation." *Id.* § 148. That provision provides for strict liability as to the individuals holding those offices. *See Dixon v. City of Malden*, 464 Mass. 446, 453 (2013).

Massachusetts courts have held that a president and treasurer of a corporation are "jointly and severally liable with the corporation for the payment of unpaid wages." *See Bisson v. Ptech, Inc.,* 18 Mass. L. Rptr. 417, at *1 (Mass. Sup. Ct. Oct. 19, 2004) (Gants, J.); *see also Perrin v. Collaborative Engineers, Inc.*, 84 Mass. App. Ct. 1121, at *1 n.2 (2013) (interpreting Wage Act as "defining class of individuals subject to joint and several liability with corporation" to include "the president and treasurer of a corporation"). In fashioning the judgment, the Court applied the language of those cases literally, finding that the individual defendants were separately liable for damages in the amount of $300,000 and jointly and severally liable for damages owed by ACE in the amount of $2,276,490. However, in doing so, the Court may have committed an error of law. The plain language of the Wage Act requires that the president, treasurer, and corporation are jointly and severally liable for the total amount of wages found due and payable. The jury found the total amount of wages due and payable under the Wage Act claim was $958,830, and apportioned liability under that claim differently to different defendants.[1] It thus appears that defendants should be jointly and severally liable for $2,876,490 under the Wage Act claim.

---

[1] Similarly, the jury found liability on the contract claim in the amount of $958,830. There was no evidence at trial to support contract damages for losses other than lost wages.

Defendants have requested that the Court modify the judgment to reduce the liability of the individual defendants from $2,576,490 to $2,276,490.  Although it appears that the court may have erred in one respect, defendants have not shown that the Court erred in failing to issue a judgment finding the individual defendants jointly and severally liable for the lesser amount of $2,276,490.  Accordingly, defendants' motion will be denied as to that claim.

Plaintiff contends that defendants should be liable for the greater amount, $2,876,490, in his opposition to defendants' Rule 59(e) motion.  However, he has not filed a cross-motion under Rule 59(e) to alter or amend the judgment.  Furthermore, the time for filing such a motion elapsed prior to the date that plaintiff filed his opposition to the present motion.  Because plaintiff has failed to bring a timely motion to amend the judgment, that argument has been waived, and the Court will not now alter the judgment based on arguments made in opposition to defendants' motion.  Therefore, the judgment will stand as issued.

### B. Statute of Limitations

Defendants contend that the Court should modify the award as to Hennessey because there was insufficient evidence to support a finding that the limitations period was tolled as to him.

Any claim brought under the Wage Act is subject to a three-year limitations period that accrues separately upon each violation of the Act.  *See* Mass. Gen. Laws ch. 149, § 150; *Crocker v. Townsend Oil Co.*, 464 Mass. 1, 11–12 (2012) (finding that Wage Act violations are not subject to the continuing violation doctrine).  That limitations period is subject to equitable tolling under a theory of fraudulent concealment.  *See Crocker*, 464 Mass. at 8 (finding that tolling under discovery rule and fraudulent concealment doctrines applies to Wage Act claims); *Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 375–76– (2008).  Under Massachusetts law, a

plaintiff "may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations [period] against other defendants." *Passatempo v. McMenimen*, 461 Mass. 279, 289–290 (2012) (applying rule supported by the "weight of authority" in holding that it was error to toll the limitations period as to one defendant based on the fraudulent concealment of another defendant).

Defendants contend that the evidence at trial concerning fraudulent concealment "centered on statements made by Hunton (and none by Hennessey)." It is true that plaintiff presented substantial evidence at trial in the form of e-mails and testimony that tended to show that Hunton made specific, repeated representations that plaintiff would be paid the amounts he was owed, from which the jury could have concluded that the limitations period was tolled as to him. It is also true that the evidence concerning Hennessey's representations was substantially weaker. However, defendants are incorrect in stating that there was no evidence of fraudulent concealment by Hennessey; plaintiff testified, albeit in general terms, that Hennessey made similar fraudulent representations.

More significantly, however, defendants did not object to the Court's instruction concerning equitable tolling at the time it was given. Under the circumstances, defendants have not shown that the Court committed a manifest error of law in allowing the issue to be decided by the jury. Accordingly, the motion will be denied as to that claim.

    **C.**    **Motion *in Limine* Concerning Employer Policy Modification**

Defendants contend that the Court erred in granting plaintiff's motion *in limine* concerning whether plaintiff was obligated to split commissions with sales support staff under the terms of the contract. (Docket No. 122). Defendants characterize the Court's December 23,

2016 order on motions *in limine* as excluding evidence that plaintiff's commission structure was modified after the contract was signed.

      Defendants are correct to state that an employer can unilaterally make prospective changes to an at-will employee's compensation or commission structure without the employee's consent. *See Kolodziej v. Smith*, 412 Mass. 215, 221–22 (1992). However, the court never ruled to the contrary, and defendants' argument mischaracterizes the Court's December 23 order. In that order, the Court addressed plaintiff's motion *in limine* to exclude evidence that ACE was entitled to "unilaterally deduct[] 50% of the commissions due to Mr. Ellicott." (Docket No. 122) (emphasis omitted). The key word is "due." ACE was not entitled to unilaterally change the amount of commission that was "due" to plaintiff—in other words, that he had already earned for past performance. The fact that ACE could modify the terms of plaintiff's employment prospectively for all projects sold after the modification is irrelevant to the argument pressed in the motion. In fact, defendants did not raise their current argument in responding to plaintiff's motion *in limine*. Instead, defendants' response focused on whether the word "sale" in the contract was ambiguous. The Court's ruling addressed only the arguments raised by the parties.

      Defendants' contention that the Court erred in excluding evidence of modification is baseless. Accordingly, defendants' motion will be denied as to that claim.

      **D.**      **Wage Act Applicability**

      Defendants contend that the Wage Act does not apply to commissions based on profit. Defendants have raised substantially the same argument multiple times, including in a motion for partial summary judgment, proposed jury instructions, in a motion for a directed verdict, in a motion for judgment notwithstanding the verdict, and in multiple oppositions to plaintiff's motions. While the Court, again, recognizes that the argument is not frivolous, it declines the

invitation to revisit those rulings. Accordingly, defendants' motion will be denied as to that claim.

## IV.     Conclusion

For the foregoing reasons, defendants' motion to alter or amend the judgment is DENIED.

**So Ordered.**

Dated: April 3, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge