# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ELLICOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN CAPITAL ENERGY, INC., ) <br> THOMAS HUNTON, and ) <br> ARTHUR HENNESSEY, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 14-12152-FDS |

## CORRECTED ORDER ON DEFENDANT THOMAS HUNTON'S MOTION FOR DISTRIBUTION OF FUNDS PROTECTED BY HOMESTEAD RIGHTS

**SAYLOR, C.J.**

On March 3, 2017, the Court issued an injunction restraining defendant Thomas Hunton from conveying, assigning, transferring, pledging, encumbering, mortgaging, liquidating, disposing of, or in any manner dissipating any interest in real property owned by him in Lyme, Grafton County, New Hampshire.

On August 16, 2019, the Court modified that injunction to permit the sale of the property on the condition that the entirety of the proceeds from the sale, other than $656.945.90 due to Santander Bank, N.A. on a first mortgage, should be placed in escrow pending future order of the Court.

The amount paid into escrow appears to be $234,817.52. (Def. Mot., Ex. 2 at 1). Hunton has moved for those funds to be distributed to him. He contends that under New Hampshire's homestead right law, he and his wife, Shannon Munger, are jointly entitled to $240,000 worth of the value of their home. *See* N.H. Rev. Stat. Ann. § 480:1 *et seq*.

Plaintiff contends that Hunton and Munger are not entitled to claim the escrowed funds under their homestead rights until a New Hampshire state court has established the extent of those rights. *See* N.H. Rev. Stat. Ann. § 480:8-a. Hunton responds that this Court has jurisdiction over this case, so it can determine the existence of his and his wife's homestead rights.

It appears that any homestead right to the property that Hunton and Munger did have may have been extinguished, because Hunton and Munger sold the property voluntarily. (*See* Def. Mot., Ex. 3 ¶¶ 4-5). Under New Hampshire law, ownership is "essential for the assertion of" a homestead right. *Beland v. Goss*, 44 A. 387 (N.H. 1895). Accordingly, it appears that a homeowner's voluntary conveyance of a property extinguishes her homestead right in it. *See, e.g.*, *Mason v. Wells Fargo Bank, N.A.*, 2014 WL 2737601, at *3 (D.N.H. June 17, 2014); *In re Schalebaum*, 273 B.R. 1, 2 (Bankr. D.N.H. 2001) (observing that "there is no statutory protection of the homestead right upon the voluntary sale of the homestead").

The issue of extinguishment by voluntary sale has not been briefed by the parties. In order to provide them an opportunity to do so, the parties are hereby ORDERED to submit supplemental briefing by February 4, 2020, on the question of whether any homestead right held by Hunton and Munger to the property was extinguished by a subsequent voluntary sale.

**So Ordered.**

Dated: February 4, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court