UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STEPHEN ELLICOTT,                   )
                                    )
            Plaintiff,              )     Civil Action No.
                                    )     14-12152-FDS
       v.                           )
                                    )
AMERICAN CAPITAL ENERGY, INC.,      )
THOMAS HUNTON, and                  )
ARTHUR HENNESSEY,                   )
                                    )
            Defendants.             )
_____ )

# FURTHER ORDER ON DEFENDANT THOMAS HUNTON'S MOTION FOR DISTRIBUTION OF FUNDS PROTECTED BY HOMESTEAD RIGHTS

**SAYLOR, C.J.**

On March 3, 2017, the Court issued an injunction restraining defendant Thomas Hunton from conveying, assigning, transferring, pledging, encumbering, mortgaging, liquidating, disposing of, or in any manner dissipating any interest in real property owned by him in Lyme, Grafton County, New Hampshire.

On August 16, 2019, the Court modified that injunction to permit the sale of the property on the condition that the entirety of the proceeds from the sale, other than $656.945.90 due to Santander Bank, N.A. on a first mortgage, should be placed in escrow pending future order of the Court. In September 2019, the parties executed an escrow security agreement providing that the property would be sold, and the proceeds placed in escrow. (*See generally* Def. Mot., Ex. 1).

The amount paid into escrow appears to be $234,817.52. (Def. Mot., Ex. 2). Hunton has moved for those funds to be distributed to him. He contends that under New Hampshire's

homestead right law, he and his wife, Shannon Munger, are jointly entitled to $240,000 worth of the value of their home. *See* N.H. Rev. Stat. Ann. §§ 480:1-9.

Plaintiff Stephen Ellicott opposed the motion. The parties' initial briefing focused on whether the existence of any homestead right held by Hunton and Munger should be determined by this Court or by a New Hampshire state court. *See* N.H. Rev. Stat. Ann. § 480:8-a.

On January 17, 2020, the Court issued its initial order in response to the motion. In it, the Court observed that under New Hampshire law, any homestead right to the property that Hunton and Munger did have may have been extinguished because they sold the property voluntarily. The Court ordered additional briefing on that topic, which both parties have now submitted.

Having considered that briefing, the Court concludes that any homestead right to the property held by Hunton and Munger was indeed extinguished by voluntary sale. Under New Hampshire law, ownership is "essential for the assertion of" a homestead right. *Beland v. Goss*, 44 A. 387 (N.H. 1895). The right is meant to protect "the shelter of the homestead roof; not to exempt mere investments in real estate, or the rents and profits derived therefrom." *Stewart v. Bader*, 907 A.2d 931, 943 (N.H. 2006) (quoting *Austin v. Stanley*, 46 N.H. 51, 52 (1865)). Accordingly, courts have repeatedly held that a homeowner extinguishes his or her homestead right in a property by voluntarily conveying and vacating it. *See, e.g.*, *Mason v. Wells Fargo Bank, N.A.*, 2014 WL 2737601, at *3 (D.N.H. June 17, 2014); *In re Schalebaum*, 273 B.R. 1, 2 (Bankr. D.N.H. 2001); *Stewart*, 907 A.2d at 943-44; *Beland*, 44 A. at 387; *Gerrish v. Hill*, 19 A. 1001 (N.H. 1890). Here, any homestead right to the property held by Hunton and Munger was extinguished when they voluntarily sold it on October 10, 2019, and then apparently vacated the premises. (*See* Def. Mot., Ex. 3 ¶¶ 4-6; Def. Mot., Ex. 2).[1]

---

[1] According to an affidavit completed by Munger, she and Hunton had originally planned to sell the property to a family from Seattle in August 2019 but the sale did not close because they required a release from

Hunton and Munger contend that they chose to sell the property to avoid its foreclosure, in which case their homestead rights would have been preserved. While that may be true, their voluntary sale of the property nevertheless extinguished their homestead rights. *See In re Schalebaum*, 273 B.R. at 2 ("Although [N.H. Rev. Stat. Ann. §] 408:1 provides for payment of the homestead right upon the involuntary termination of the homestead pursuant to foreclosure or levy and execution, there is no statutory protection of the homestead right upon the voluntary sale of the homestead.").

Hunton and Munger further contend that their escrow security agreement with plaintiff prevented the extinguishment of their homestead rights by voluntary sale. It is true that the escrow agreement states that "[i]t is the parties['] intent that the sale of the Real Estate and conversion to cash shall not change the rights to the security claim of the Plaintiff or the Homestead Exemption claim of [Hunton] or Shannon Munger." (Def. Mot., Ex. 1 at 1-2). That provision, taken on its own, could arguably have preserved Hunton's and Munger's homestead rights—at least against plaintiff, who was a party to the agreement. However, the agreement also states that it "shall not be introduced into evidence in any action for the purpose of determining the applicability of the Homestead Exemption." (*Id.* at 2). Thus, even if it could have some effect to preserve Hunton's and Munger's homestead rights, by its express terms the agreement cannot be considered here for the purposes of determining the applicability of those rights.

Any homestead rights held by Hunton and Munger in their property in Lyme were thus extinguished when they voluntarily sold it, regardless of the terms of their escrow security agreement with plaintiff. Accordingly, defendant Thomas Hunton's motion for distribution of

---

plaintiff. (Def. Mot., Ex. 3 ¶¶ 4-6). It appears that in October 2019, and after the parties to this matter executed the escrow security agreement, Hunton and Munger indeed sold the property to buyers from the Seattle area and then moved out. (*See* Def. Mot., Ex. 2 (listing a P.O. box in Lyme, NH as the address for Hunton and Munger after the sale of the property)).

funds protected by homestead rights is DENIED.

**So Ordered.**

Dated: February 6, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court