UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN ELLICOTT,<br><br>       Plaintiff,<br><br>    v.<br><br>AMERICAN CAPITAL ENERGY, INC.,<br>THOMAS HUNTON, and<br>ARTHUR HENNESSEY,<br><br>       Defendants. | Civil Action No.<br>14-12152-FDS |

**ORDER ON PLAINTIFF STEPHEN ELLICOTT'S MOTION TO DISTRIBUTE FUNDS
AND DEFENDANT THOMAS HUNTON'S MOTION TO RECONSIDER**

**SAYLOR, C.J.**

On March 3, 2017, the Court issued an injunction restraining defendant Thomas Hunton from conveying, assigning, transferring, pledging, encumbering, mortgaging, liquidating, disposing of, or in any manner dissipating any interest in real property owned by him in Lyme, Grafton County, New Hampshire.

On August 16, 2019, the Court modified that injunction to permit the sale of the property on the condition that the entirety of the proceeds from the sale, other than $656.945.90 due to Santander Bank, N.A. on a first mortgage, should be placed in escrow pending future order of the Court.  In September 2019, the parties executed an escrow security agreement providing that the property would be sold, and the proceeds placed in escrow.  (*See generally* Def. Mot. (Dkt. No. 262), Ex. 1).

The amount paid into escrow appears to be $234,817.52.  (Def. Mot., Ex. 2).  On

November 27, 2019, Hunton moved for those funds to be distributed to him, alleging that under New Hampshire's homestead right law, he and his wife, Shannon Munger, are jointly entitled to $240,000 worth of the value of their home. *See* N.H. Rev. Stat. Ann. §§ 480:1-9.

On February 6, 2020, the Court denied Hunton's motion because under New Hampshire law, any homestead right to the property that Hunton and Munger did have was extinguished because they sold the property voluntarily.[1]

Plaintiff Stephen Ellicott has now moved for the funds held in escrow to be distributed to him. Meanwhile, Hunton has moved for reconsideration of the Court's February 6, 2020 order under Fed. R. Civ. P. 59(e). The Court will address each motion in turn.

Ellicott's motion poses a different, albeit related, question to that presented by Hunton's original motion to distribute the funds. Both concern the same proceeds from the sale of the same property. But while the Court previously decided that Hunton's and Munger's homestead rights to the funds had been extinguished by voluntary sale, it did not determine that Ellicott's rights to the funds had priority over the rights of any other person to them.

Hunton contends that Ellicott has no claim to the funds because he failed to perfect his interest as required by New Hampshire law. *See* N.H. Rev. Stat. Ann. § 524-a:3. But the statutory procedure that he cites appears to be optional. It provides only that "[a] copy of any foreign judgment . . . *may* be filed" in order to receive the same effect as a judgment by a New Hampshire court. N.H. Rev. Stat. Ann. § 524-a:2 (emphasis added). Indeed, another section of the statute explicitly describes it as an "[o]ptional [p]rocedure," and provides that "[t]he right of

---

[1] The parties' initial briefing focused on whether the existence of any homestead right held by Hunton and Munger should be determined by this Court or by a New Hampshire state court. *See* N.H. Rev. Stat. Ann. § 480:8-a. On January 17, 2020, the Court issued its initial order in response to Hunton's motion, observing that any homestead right to the property held by Hunton and Munger may have been extinguished due to voluntary sale and ordering additional briefing on that topic, which both parties then provided.

a judgment creditor to bring an action to enforce his judgment instead of proceeding under this chapter remains unimpaired." N.H. Rev. Stat. Ann. § 524-a:6. Thus, even assuming that Ellicott has not yet satisfied the requirement that Hunton cites, the only consequence is that Ellicott may not yet be able to enforce his judgment in a New Hampshire court as if it were a New Hampshire judgment. It does not affect his ability to seek the enforcement of that judgment in this Court.

That said, the question remains whether Ellicott is entitled to the funds. While the Court previously enjoined the conveyance of Hunton's New Hampshire property, it did not approve its attachment. (*See* Pl. Mot. for Prelim. Injunction (Dkt. No. 180) at 1). Rather, after Ellicott mistakenly attached the New Hampshire property and then discharged that attachment, he sought a preliminary injunction to prevent Hunton from disposing of the property before final judgment. (*Id.*). The Court granted that injunction without adjudicating Ellicott's, Hunton's, or Munger's rights to the property. (Order (Dkt. No. 210)).

Those rights must be decided by a New Hampshire state court. To start, Ellicott's motion raises questions of state law for which the answers are not immediately obvious. Hunton contends that Ellicott has no claim to Munger's half of the proceeds from the sale because under New Hampshire law, her rights are not subject to the claims of her husband's creditors. It appears that Hunton and Munger originally held their home as joint tenants. (*See* Def. Mot., Ex. 3 ("Warranty Deed") (providing that Hunton and Munger obtained the property "as tenants with rights of survivorship")). *See Boissonnault v. Savage*, 625 A.2d 454, 455 (N.H. 1993) ("The survivorship right is certainly the distinguishing feature of a joint tenancy."). The questions of what rights Hunton and Munger retain to the cash proceeds after selling that property, as well as what claim Ellicott has to Munger's share, are substantial questions of New Hampshire law that should be resolved by a New Hampshire court.

And more importantly, it is doubtful that this Court has jurisdiction to order the distribution of the funds to Ellicott. Those funds are held in escrow outside of Massachusetts and by an entity that is not party to this action—specifically, a law firm based in New Hampshire. (*See* Def. Mot., Ex. 2; CLEVELAND, WATERS AND BASS P.A., https://www.cwbpa.com/ (archived at https://perma.cc/BRN4-6UK4). Ellicott asks the Court to order the disbursement of those funds to him—effectively, to attach them by trustee process. But this Court's authority in any "proceedings supplementary to and in aid of judgment or execution" such as this one are governed by Massachusetts law. *See* Fed. R. Civ. P. 69(a). And under Massachusetts law, it is doubtful that a court may attach property that is held by a trustee out of state. *See Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 33 (1st Cir. 2005).[2]

Therefore, Ellicott's motion to distribute the funds will be denied. The Court's August 16, 2019 order requiring that the proceeds from the sale of Hunton's and Munger's property be held in escrow will remain in place until a New Hampshire court assumes jurisdiction or otherwise issues an order deciding the rights of Hunton, Munger, and Ellicott to those funds.

For similar reasons, the Court will vacate its February 6, 2020 order holding that Hunton's and Munger's homestead rights were extinguished by voluntary sale. To be clear, the Court believes that the reasoning of that order is correct. But as set forth above, it is doubtful that the Court had the authority to distribute the funds to Hunton and Munger even if they did have valid homestead claims. Thus, the existence of their homestead rights, like Ellicott's and Munger's competing claims to the sale proceeds, should be decided by a New Hampshire court

---

[2] By contrast, it appears that under Massachusetts law, a court may enjoin a defendant from disposing of assets in order to secure them. *See Hasbro, Inc. v. Serafino*, 958 F. Supp. 19, 23 (D. Mass. 1997), *abrogated on other grounds by Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151 (1st Cir. 2004). Thus, the Court may restrain Hunton from transferring his property. The difference here is that Ellicott now asks the Court to order an entity that is not a party to this action to transfer those assets.

in the first instance. Accordingly, because that order will be vacated, Hunton's motion to reconsider it will be denied as moot.

For the foregoing reasons, defendant Thomas Hunton's Motion to Reconsider Denying Order on Homestead Dated February 6, 2020, is DENIED; plaintiff Stephen Ellicott's Motion to Distribute Funds is DENIED; the Court's Further Order on Defendant Thomas Hunton's Motion for Distribution of Funds Protected by Homestead Rights dated February 6, 2020 is VACATED; and defendant Thomas Hunton's Motion for Distribution of Funds Protected by Homestead Rights is DENIED.

**So Ordered.**

Dated:  March 6, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court